IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2019 Session

## EARL GENE DAVIS v. CIVIL SERVICE COMMISSION OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 17-0510-II      William E. Young, Chancellor**

_____

**No. M2018-01130-COA-R3-CV**

_____

J. STEVEN STAFFORD, P.J., W.S., concurring in part.

The majority opinion concludes that the Commission's finding that Officer Davis violated both MNPD Policy § 4.20.040(B) and MNPD Policy § 4.20.040(K) was neither arbitrary nor capricious and was supported by substantial and material evidence. In reaching its decision concerning MNPD Policy § 4.20.040(B), the majority essentially concludes that consideration of the public authority defense is irrelevant because the only question involved is whether Officer Davis committed the acts that constitute the offense outlined by Tennessee Code Annotated section 39-16-301(a), not whether Officer Davis would be able to assert any defense to criminal prosecution of that crime.

Respectfully, I am not convinced. Officer Davis's argument, as I perceive it, is not simply that Officer Davis was never convicted of the offense, but that no offense was in fact committed due to the application of the affirmative defense. Where a criminal act is excused by the public authority defense, it follows that disciplinary action based solely on the fact that an officer engaged in conduct that constitutes a criminal act should also be excused. To hold otherwise would be to subject all officers committing crimes under the authority of an authorized undercover police operation to disciplinary action under MNPD Policy § 4.20.040(B). For example, when an officer possesses drugs with the intent to sell those drugs as part of an operation to ensnare criminal wrongdoers, that officer commits the acts that constitute an offense under Tennessee Code Annotated section 39-17-417(a);[1] under the majority's interpretation of MNPD Policy §

_____

[1] Section 39-17-417 provides, in relevant part:

(a) It is an offense for a defendant to knowingly:
(1) Manufacture a controlled substance;

4.20.040(B), even where the officer was diligently following the orders of his superiors in engaging in this conduct, he or she could be subject to disciplinary action under MNPD Policy § 4.20.040(B).[2]

The discipline at issue in this case was not, however, based solely on Officer Davis's alleged violation of MNPD Policy § 4.20.040(B). Instead, the Commission also found that Officer Davis violated MNPD Policy § 4.20.040(K), regarding obstruction of rights. I concur in the majority's conclusion that substantial and material evidence supported the Commission's finding with regard to the violation of MNPD Policy § 4.20.040(K). Moreover, I concur in the majority's conclusion that the disciplinary action ordered was appropriate under the circumstances. As such, it is unnecessary to consider the intricacies of the public authority defense as applicable in civil disciplinary actions or whether Officer Davis met his burden so that his conduct was excused by the public authority defense in this particular case. Instead, I continue pondering this question and await an appropriate case where this issue may be squarely addressed. As such, despite lingering questions on this issue, I concur in the majority's result.

_____
J. STEVEN STAFFORD, JUDGE

---

(2) Deliver a controlled substance;
(3) Sell a controlled substance; or
(4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

[2] While it may be argued that such result would not follow because no disciplinary charges would be filed against such officer based on the MNPD's discretion, this action could further subject MNPD to charges that it was arbitrarily enforcing MNPD Policy § 4.20.040(B).